IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHNNY TED NASH, | ) | No. CV-F-05-1433 REC/HC |
| | ) | (No. CR-F-92-5167 EDP) |
| | ) | |
| | ) | ORDER DISMISSING MOTION FOR |
| Petitioner, | ) | RESENTENCING UNDER THE ALL |
| | ) | WRITS ACT, 28 U.S.C. § |
| vs. | ) | 1651(a) AND DIRECTING CLERK |
| | ) | TO ENTER JUDGMENT FOR |
| | ) | RESPONDENT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On November 8, 2005, petitioner Johnny Ted Nash filed a motion for resentencing pursuant to the All Writs Act, 28 U.S.C. § 1651(a).

Petitioner was convicted by jury trial on two counts of conspiracy to manufacture methamphetamine, one conspiracy occurring in 1986-1988 and the other occurring in 1992. In addition, petitioner pleaded guilty to a charge of failure to appear in No. CR-F-93-5013 EDP. Petitioner was sentenced on April 26, 1994 to 348 months in custody in the instant case and

1  12 months in custody in No. CR-F-93-5013 EDP, to be served
2  consecutively to the sentence imposed in the instant case.
3  Petitioner's conviction and sentence in the instant case were
4  affirmed on appeal.  Petitioner thereafter filed several motions
5  unsuccessfully collaterally attacking his conviction and
6  sentence, including motions for relief pursuant to 28 U.S.C. §
7  2255 and the All Writs Act.
8       In the instant motion, petitioner contends that he is
9  entitled to be resentenced to time served because his Sixth
10 Amendment right to a jury trial was violated because the jury did
11 not find the quantity of drugs in reaching its guilty verdict and
12 Judge Price enhanced his sentence under the Sentencing Guidelines
13 on the basis of facts found by Judge Price when he adopted the
14 findings of the Presentence Report.
15      The court dismisses the instant motion.  As the court has
16 ruled previously, petitioner cannot rely on the All Writs Act to
17 circumvent that procedural requirements for the filing of a
18 second or successive petition under the AEDPA.  See United States
19 v. Valdez-Pachecho, 237 F.3d 1077 (9th Cir. 2001).  Because the
20 court concludes that the instant motion is a second or successive
21 motion for relief pursuant to 28 U.S.C. § 2255, this court lacks
22 jurisdiction to consider the merits of the claims made by
23 petitioner.  United States v. Allen, 157 F.3d 661, 664 (9th Cir.
24 1988).  Therefore, petitioner must apply to the Ninth Circuit for
25 leave to file a second or successive petition pursuant to 28
26 U.S.C. § 2244.

1  ACCORDINGLY:

2  1.  Petitioner Johnny Ted Nash's motion for resentencing
3  pursuant to the All Writs Act, 28 U.S.C. § 1651(a) is dismissed
4  for lack of jurisdiction.

5  2.  The Clerk is directed to enter judgment for respondent.

6  IT IS SO ORDERED.

7  **Dated:  November 16, 2005**         /s/ Robert E. Coyle
   668554                          UNITED STATES DISTRICT JUDGE